WO                                                                                    SKC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Dean Day, | No.  CV 19-01091-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Terry Dean Day, who is currently confined in the Arizona State Prison Complex (ASPC)-Lewis in Buckeye, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 24.)  Plaintiff was informed of his rights and obligations to respond (Doc. 43), and he opposes the Motion.  (Doc. 44.)

The Court will deny the Motion to Dismiss.

## I.      Background

On screening of Plaintiff's single-count Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment conditions-of-confinement claim against Defendants former Arizona Department of Corrections (ADC) Director Charles L. Ryan, ASPC-Lewis Deputy Warden Roan, ASPC-Lewis Lt. Arnott, and ADC Correctional Officer (CO) Jhiremy Rabadan and directed these Defendants to answer the claim.  (Doc. 11.)

. . . .

## II.      Federal Rule of Civil Procedure 12(b)(6)

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).   In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).   A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).  To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).  A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary

1   judgment.  *Id.*

2   **III.    Discussion**

3          In their Motion to Dismiss, Defendants[1] argue that Plaintiff's conditions-of-

4   confinement claims against them should be dismissed as barred by the statute of limitations

5   and because, per the Settlement Agreement in a prior action before this Court, *Day v. Ryan*,

6   CV 17-00774-PHX-JAT (JFM), Plaintiff already released this claim.

7          **A.    Statute of Limitations**

8          When the statute of limitations forms the basis of a motion to dismiss for failure to

9   state a claim, the motion can be granted if the running of the statute is apparent on the face

10  of the complaint, and "the assertions of the complaint, read with the required liberality,

11  would not permit the plaintiff to prove that the statute was tolled."  *Jablon v. Dean Witter*

12  *& Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991

13  (9th Cir. 1999).  Although courts will not normally look beyond the pleadings in resolving

14  a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), a

15  "court may consider material that the plaintiff properly submitted as part of the complaint

16  or, even if not physically attached to the complaint, material that is not contended to be

17  inauthentic and that is necessarily relied upon by the plaintiff's complaint."  *Id.*  The court

18  may also consider matters of public record, including pleadings, orders, and other papers

19  filed with the court.  *Mack v. S. Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986)

20  (*abrogated on other grounds* by *Astoria Fed.l Savings and Loan Ass'n v. Solimino*, 501

21  U.S. 104 (1991)).

22         42 U.S.C. § 1983 does not include its own statute of limitations.  *TwoRivers v.*

23  *Lewis*, 174 F.3d 987, 991 (1999).  Therefore, federal courts apply the statute of limitations

24  governing personal injury claims in the forum state, "along with the forum state's law

25  regarding tolling, including equitable tolling, except to the extent any of these laws is

26  inconsistent with federal law."  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191,

27  _____

28         [1] Defendants Ryan and Rabadan filed the Motion to Dismiss (Doc. 24), and
    Defendants Roan and Arnott subsequently joined the Motion.  (*See* Docs. 39, 42.)

1198 (9th Cir. 2014) (citation omitted).  In Arizona, the limitations period for personal injury claims is two years.  *TwoRivers*, 174 F.3d at 991; *see also* Ariz. Rev. Stat. § 12-542.  "If the defendant establishes a *prima facie* case that the statute was applicable, the burden of going forward shifts to the plaintiff to show its claims fall within a recognized exception to the statute."  *Kiley v. Jennings, Strouss & Salmon*, 927 P.2d 796, 799 (Ariz. Ct. App. 1996).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers*, 174 F.3d at 991.  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *TwoRivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).  Additionally, the statute of limitations is tolled while a prisoner plaintiff pursues the mandatory exhaustion process.  *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018).

Defendants argue that, based on the allegations in the Complaint, Plaintiff began to complain about the lack of clean clothing and bedding underlying his claim by filing Inmate Letters about this issue on August 30, 2016.  (Doc. 24 at 4; *see* Doc. 1 at 4−5.)  From this, they argue that Plaintiff had knowledge of his injury, whereby his claim began to accrue, at the very least, by August 30, 2016.  (Doc. 24 at 4.)  They further argue that Plaintiff was therefore required to file his Complaint by August 30, 2018, and because he did not do so until February 19, 2019, more than five months later, his claim is barred under Ariz. Rev. Stat. § 12-542 and should be dismissed with prejudice.  (*Id.* at 4−5.)

Defendants have made a *prima facie* showing that the applicable two-year statute of limitations bars Plaintiff's claim; they fail, however, to discuss or point to any allegations in the Complaint to show when Plaintiff pursued his available administrative remedies via the prison grievance process, during which time the statute was tolled.  Based on the allegations in the Complaint, Plaintiff began to file Inmate Letters regarding his lack of laundry services on or about August 30, 2016, and he received a response to his final grievance appeal from Defendant Ryan in "early February" 2017.  (Doc. 1 at 5.)  The

Docket reflects that Plaintiff filed this action on February 15, 2019.  (Doc. 1.)  Read with the required liberality, and drawing all reasonable inferences in Plaintiff's favor, the allegations in the complaint permit finding that the statute was tolled from at least August 30, 2016 until February 15, 2017.  *Jablon*, 614 F.2d at 682.  It is therefore not clear from the face of the Complaint that Plaintiff's claim, filed on February 15, 2019, was untimely.

Plaintiff also argues in his Response that his claim is not time-barred because, even after he filed his final Grievance Appeal, he continued to suffer from the same violations and health risks he made known to Defendants up to the time he was finally provided laundry service on or about July 1, 2017.  (Doc. 36 at 3.)  He thereby maintains that, at the very least, he has a timely claim for the violations that occurred between February 15, 2017 and July 1, 2017.  Defendants Ryan and Rabadan argue in their Reply that no such claims can lie against them because Plaintiff fails to allege any facts about their involvement in his laundry deprivations after February 15, 2017.  (Doc. 38 at 2.)  Defendant Arnott likewise argues that Plaintiff makes no allegations that involve him after February 15, 2017.  (Doc. 42 at 2.)  Defendants further argue that, to the extent Plaintiff relies on the "continuing violation" theory to make his claim timely, this theory does not apply where a plaintiff merely suffers the continuing effects of wrongful conduct but there are "no continuing acts."  (Doc. 38 at 2−3; Doc. 42 at 1−2; Doc. 45 at 1−2.)  *See Reiss v. Ariz. Dep't of Safety*, No. CV-18-00029-PHX-JJT, 2018 WL 6067258, at *7 (D. Ariz. November 18, 2018.) (citing *Knox*, 260 F.3d at 1013); *see also Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1987) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.") (citation omitted).

Defendants' arguments regarding their lack of involvement in Plaintiff's laundry deprivation after Plaintiff completed the administrative grievance process in February 2017 and the inapplicability of the continuing violation doctrine to Plaintiff's claims after that time are misplaced.  Even if, as Defendants argue, Plaintiff was merely suffering the ill effects of their alleged failures to remedy his issue, and Defendants were not involved in any continued unlawful acts after February 2017, Defendants fail to account for any alleged

actions that occurred from August 30, 2016 to February 2017, during which it is possible to conclude that the statute of limitations on Plaintiff's claim was tolled. Defendants simply do not argue or point to any allegations on the face of the Complaint showing they were not involved in Plaintiff's alleged deprivations during that time.

Moreover, Plaintiff makes several allegations that Defendants knew of and failed to respond to his reported laundry deprivation during that timeframe. Plaintiff alleges, for instance, that he made continuous complaints about this issue to Defendant Rabadan, both before and after he started the administrative grievance process; on August 31, 2016, he wrote Inmate Letters "to Defendants Ryan, Roan, and several others" and received no response; on October 24, 2016, he filed an Inmate Grievance, which was forwarded to Defendant Roan, and, in response, Defendant Roan relied in part on Defendant Arnott's misrepresentations that Plaintiff was receiving laundry service, for which Defendant Arnott later apologized, admitting he had been wrong, but still failed to follow up; and, in early February 2017, Defendant Ryan agreed that Plaintiff had been denied laundry service but falsely claimed the issue had been remedied, causing Plaintiff to continue to go without any laundry service until July 1, 2017. (Doc. 1 at 4–5.)

Because these alleged violations occurred, at least in part, while Plaintiff was pursuing the mandatory administrative grievance, during which time the Statute of Limitations was necessarily tolled, and the allegations in the Complaint permit a finding that Plaintiff then filed this action before the two-year limitations period elapsed, the Court cannot conclude that Plaintiff's claim is barred by the Statute of Limitations and will deny Defendants' Motion to Dismiss on statute of limitations grounds.

### B. Prior Settlement/Release of Claim

The interpretation and enforcement of a settlement agreement is generally governed by principles of state contract law. *See Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir.1993); *Hisel v. Upchurch*, 797 F. Supp. 1509, 1517 (D. Ariz. 1992). But "conditions affecting the validity of a release of significant federal rights are eminently a matter of federal law." *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981). *Hisel*, 797 F. Supp. at

1517.  Thus, federal common law controls the effect and interpretation of a release of a § 1983 claim, and it is unnecessary to examine state law.  *Id.* at 1517-18 (*citing Town of Newton v. Rumery*, 480 U.S. 386, 392 (1987)); *see Jones*, 648 F.2d at 1203 (in analyzing whether a release of federal rights is valid, it is unnecessary to examine state authorities). In applying federal law, courts are free to draw upon all relevant sources of common law, including "general principles of contract."  *Hisel*, 797 F. Supp. at 1518.

A release of claims for violations of civil and constitutional rights must be voluntary, deliberate, and informed.  *Jones*, 648 F.2d at 1203.  "There are both subjective and objective aspects to each of these elements."  *Id.*  Whether a release is voluntary, deliberate, and informed is determined on a case-by-case basis considering the totality of the circumstances surrounding the execution of the release.  *See Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989).  In this analysis, a court considers four factors: (1) "the clarity and lack of ambiguity of the agreement"; (2) "the plaintiff's education and business experience"; (3) "the presence of a non-coercive atmosphere for the execution of the release"; and (4) "whether the [plaintiff] had the benefit of legal counsel."  *Id.* (citations omitted).  Further, under federal law, a valid release must be supported by consideration.  *Salmeron v. United States*, 724 F.2d 1357, 1362 (9th Cir. 1983).

The party seeking to rely on a release in a § 1983 action has the burden of proving its validity.  *See Jones*, 648 F.2d at 1203-04.  Public policy favors upholding voluntary agreements.  *Bianchi v. Perry*, 140 F.3d 1294, 1297 (9th Cir. 1998) ("There is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into.") (internal citation omitted).  "When fairly arrived at and properly entered into, settlement agreements and releases are generally viewed as binding, final, and as conclusive of the rights of the parties as is a judgment entered by a court."  *Hisel*, 797 F. Supp. at 1518.

In support of their argument that Plaintiff already released his claims, Defendants rely, in part, on the Complaint, filings, and Court Orders in Plaintiff's prior civil rights

action, *Day v. Ryan*, CV 17-00774 ("the Prior Action"), of which the Court may take judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (a court "may take judicial notice of court filings and other matters of public record."). Defendants also rely on a partially redacted copy, filed under seal, of the Settlement Agreement in the Prior Action. (Doc. 30.) The Settlement Agreement is neither a Court filing nor a matter of public record of which the Court may take judicial notice without converting Defendants' Motion to Dismiss into a motion for summary judgment.

Plaintiff has also filed under seal a copy of the same Settlement Agreement, this one in unredacted form. (Doc. 37.) In both versions, the Settlement Agreement contains the "Release and Discharge" of claims, which Defendants argue extends to Plaintiff's claim in this action, and there is no material dispute as to the content of the release. The Court will nonetheless decline to convert Defendants' Motion to Dismiss into one for summary judgment because Defendants' proffered evidence fails to make an initial showing that they are entitled to summary judgment as a matter of law. Even if the Court could determine from the Settlement Agreement, for instance, that the release therein applies to Plaintiff's claim against Defendants in this action, Defendants fail to discuss all the factors relevant to whether that release was "voluntary, deliberate, and informed." *Stroman*, 884 F.2d at 462. Additionally, Plaintiff makes assertions in his Response that create a question of fact as to this assessment, including that he was explicitly told by defense counsel during settlement talks in the Prior Action that his claims in this action—which he had already filed at that time—would not be waived. (Doc. 36 at 3, 4.)[2] Because the relevant issues cannot be resolved without reference to additional facts and evidence, and Defendants have not addressed the appropriate legal standard or put forth sufficient evidence to make their required showing for purposes of summary judgment, the Court will deny Defendants' Motion to Dismiss and not convert it to one for summary judgment.

. . . .

---

[2] Plaintiff filed this action on February 15, 2019, service was executed on Defendant Ryan on October 26, 2019 (Doc. 14), and the Settlement in the Prior Action was executed five days later, on October 31, 2019. (Doc. 37 at 5.)

**IT IS ORDERED:**

     (1)    The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 24), and the Motion is **denied**.

     (2)    The remaining claim in this action is Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Ryan, Roan, Arnott, and Rabadan.

     Dated this 19th day of June, 2020.

James A. Teilborg
Senior United States District Judge